from one penny up to two thousand dollars, the maximum," the court replied: "I will qualify that by saying that, if the jury find any damage, it may be between those two limits." The verdict was for $500, which, in view of the evidence, is not an excessive amount, and it is difficult to discover wherein the defendant was prejudiced by the charge as finally delivered to the jury. It may be easily distinguished from the charge of the court in Gilbertson v. Railway Co., 14 App. Div. 294, 43 N. Y. Supp. 782, where the court charged the following request of plaintiff's counsel: "I ask your honor to charge the jury that, taking all the elements into consideration, the jury may award her compensation, fair, reasonable, and just, to any amount not exceeding thirty thousand dollars." "Such a charge," say the court, "was eminently calculated to mislead the jury, and to cause them to regard the evidence of the injuries sustained as of greater gravity than its actual purport required. The learned court did not charge that the plaintiff claimed $30,000, and that the jury were entitled to award such sum as the evidence justified not exceeding that amount, but did charge them that they might award $30,000; clearly intimating that such a verdict might be upheld upon the evidence in the case." In the case now before us the court charged, in effect, after the modification, that, if the jury find any damages, they may award such a sum as they think will compensate the plaintiff for the pain and suffering she has endured, and it may be any amount between one penny and $2,000; this sum being the limit fixed by law upon the jurisdiction of the court. Chapter 416, Laws 1893. This charge, taken in connection with what the court had said to the jury with reference to the evidence as to the damages, did not, in our opinion, give any erroneous impression to the jury, and the amount of the verdict clearly indicates that there was no unreasonable speculation as to the damages outside of the evidence. The judgment and order appealed from should be affirmed, with costs. All concur.

(63 App. Div. 353.)

ERICIUS et al. v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

1. INJURY TO PASSENGER—EVIDENCE.
    Plaintiff's evidence was that, after the signal was given to start a train, his decedent attempted to board one of the cars, but that the conductor shut the gate, imprisoning decedent's hand, so that, in spite of his cries to the conductor to "let go," he was dragged 15 or 20 feet, and crushed against a bridge railing. Defendant's evidence was that decedent held on, though told by the conductor to "let go." Defendant furnished many witnesses, but they were not in accord, while the condition of decedent's hand corroborated plaintiff's evidence. *Held,* that a verdict for plaintiff would not be disturbed.

2. SAME—EVIDENCE—SUFFICIENCY—TRIAL.
    Plaintiff's evidence was sufficient to carry to the jury the question of defendant's negligence.

3. APPEAL—EXCEPTIONS.
    Where exceptions to certain evidence as to damages were taken after the answer of questions not objected to, or on denial of motions to

strike out evidence received without objection, and the ground of objection raised on appeal was not pointed out on trial, and no exceptions were taken to the court's charge on the measure of damages, the exceptions are not available on appeal.

**4. DEATH OF PASSENGER—DUE CARE—CONTRIBUTORY NEGLIGENCE.**

In an action for death of passenger, it was not error to refuse to charge that plaintiff could not recover if her decedent failed in even the slightest degree in exercising the care of an ordinarily prudent man; since such failure, to bar recovery, must contribute to the injury.

**5. DEATH—DAMAGES.**

Where a physician about 50 years of age was killed, and had been in receipt of an income of about $2,000, an award of $15,000 was not excessive.

Appeal from trial term, Kings county.

Action by Anna K. Ericius and another, as executors, against the Brooklyn Heights Railroad Company. From a judgment in the plaintiffs' favor for $15,000, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

John L. Wells, for appellant.
Stephen C. Baldwin, for respondents.

HIRSCHBERG, J. The evidence presented to the jury two conflicting theories of the happening of the accident. On behalf of the plaintiffs there was evidence tending to establish that after the gong had sounded to start the train across the bridge, but before the train had actually started, the plaintiffs' decedent attempted to board one of the cars; that while he was in the act of doing so, and after he had stepped upon the car platform, the guard or conductor shut the gate in such a way as to imprison his left hand, and, the train then starting, he was dragged some 15 or 20 feet, towards a railing upon the bridge platform, he shouting to the guard to "let go," and was crushed to death between such railing and the car. On behalf of the defendant, however, evidence was given tending to show that the gate was securely closed and the train started before the deceased attempted to get on board; that while the train was in motion, he seized a hand rail on the edge of the body of the car, and endeavored in some way to secure a footing upon the car platform, and, in spite of the cries of the guard to him to "let go," continued to hold on until he reached the railing, where he met his death. The defendant presented many more witnesses than the plaintiffs, but the case is not one in which an appellate court would be justified in reversing the finding of the jury. The defendant's witnesses are not in accord with each other upon important matters connected with the occurrence, while the condition of the left hand of the deceased, from which the flesh was entirely torn away from the wrist to the fingers, may well be regarded as furnishing corroborative evidence of the plaintiffs' theory that the deceased was killed because he could not, rather than because he would not, let go. Nor can it be said that upon the adoption of the plaintiffs' theory of the facts the jury could not lawfully reach the conclusion that the defendant was negligent.

The cases relied upon by the appellant are only applicable to the facts as claimed by it, viz. that the act of the deceased was the voluntary assumption of a position of obvious risk, stubbornly maintained against the protests of the trainman, and in the presence of certain danger. In all of these cases the passenger was injured or killed while attempting to board a moving train. In neither of the two on which the appellant lays chief stress was the deceased exposed to peril by any act of the defendant. In Robinson v. Railway Co., 5 Misc. Rep. 209, 25 N. Y. Supp. 91, the decision was based on the proposition that one who voluntarily assumes a position of danger, the hazards of which he fully appreciates, cannot recover for an injury from a peril incident to the position. The deceased was held chargeable with contributory negligence in boarding an elevated train while the gate was closing and the train moving, and in persisting in maintaining the precarious position thus obtained against every effort to remove him. So in Solomon v. Railway Co., 103 N. Y. 437, 9 N. E. 430, 57 Am. Rep. 760, the intestate was killed while attempting to board a train in motion, and it was held that the presumption of negligence attaching to that fact was not rebutted by the acquiescence of the trainmen in the passenger's act. But in none of the cases cited on the learned counsel's brief is it held that to shut the gate at such a time and in such a manner as to imprison the body of a passenger who is endeavoring to enter the train before it has started, and to refuse to open the gate and release him from his peril, or to stop, or to attempt to stop, the car before it reaches a point where death is certain, is so far within the bounds of ordinary care and prudence that to submit to a jury the question of a defendant's negligence as predicated thereon would be erroneous.

Some questions are presented in reference to the rulings of the learned trial justice. It is claimed that he erred in permitting proof of the amount expended by the deceased in the support of his household, inasmuch as mere expenditure is no necessary proof of income or of earning capacity, but may be an improvident waste of capital. The deceased was a physician, engaged in partnership in the practice of his profession at the time of his death, and the defendant proved that, pursuant to a provision in the partnership agreement, the plaintiff Anna K. Ericius, his widow, had been receiving since her husband's death the income of a half interest, amounting to $175 monthly. There was no proof that the deceased was possessed of invested capital or of any resources beyond his personal earnings. It does affirmatively appear that he left no estate. I cannot see why proof of the amount which his next of kin customarily received from him should not be competent, under the circumstances, as bearing upon the extent of their financial loss; but, if such evidence be open to doubt, the exceptions here are not available, as in almost if not quite every instance they were taken after the answer to a question not objected to, or appear in connection with the denial of a motion to strike out evidence received without objection. In no instance was the distinct ground of objection now raised pointed out upon the trial, nor was any exception taken to the charge on the question of damages.

The court was asked by defendant's counsel to charge the jury "that, if this plaintiff's intestate failed in even the slightest degree in the exercise of the prudence which, as an ordinarily prudent man, he should have exercised under the circumstances, she cannot recover." The refusal to charge this request was not error, because an essential element is lacking, viz. that the slight negligence which will bar a recovery must be such as contributes to the accident. The damages recovered are large. The deceased left his widow, two daughters, and a grandchild, the daughter of a deceased son. In view of the extent of income derived from his practice, and the amount of his annual contributions to the support of his family, which in the condition of the proof may fairly be presumed to have been all earned by himself, it cannot be said that the damages are excessive. Judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.